UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:14-cv-300-JMH |
| | ) | |
| LARRY GREEN and | ) | **MEMORANDUM OPINION** |
| CLAUDIA GREEN, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court upon A.H., a minor, by and through her Parents and Next Friends, Lindsay and Michael Hall's Motion to Intervene [DE 6], pursuant to Fed. R. Civ. P. 24(a)(2), in the above referenced matter. Plaintiff QBE Insurance Corporation has filed a response [DE 15], and A.H. a reply [DE 16], and this motion is ripe for adjudication.

**I. Background**

This action stems from a complaint brought by A.H. in state court, alleging damages arising out of a dog bite she received while at the home of Larry and Claudia Green. The Greens own a condo in Heritage Place Condominiums. QBE Insurance Corporation filed the instant action with this Court seeking a declaratory judgment on its duty to cover the Greens for the underlying state court claim under QBE's liability insurance policy with Heritage Place.

A.H. seeks to intervene as of right in this action, arguing that the outcome of the Greens' coverage under QBE's policy will determine the amount of compensation available to her in the state action and that her interests are not adequately represented by the existing parties. Plaintiff contends that A.H. does not have a substantial, legal interest in the subject matter of the case and that her interests are adequately represented by the Greens and therefore, intervention of right is inappropriate. In her reply, A.H. also adds, for the first time, a request for permissive intervention under Fed. R. Civ. P. 24(b).

**II. Analysis**

**A. Intervention of Right**

A party seeking intervention of right under Rule 24(a)(2) must show: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger,* 188 F.3d 394, 397-98 (6th Cir. 1999)). Plaintiff raises no objection to the conclusion that A.H.'s motion was timely filed, so the Court

2

turns to the three remaining factors to determine whether intervention is appropriate.

With regard to the second factor, A.H. does not have a substantial, legal interest in the subject matter of this case. The Sixth Circuit has "a rather expansive notion of the interest sufficient to invoke intervention of right," *Grutter,* 188 F.3d at 398. However, "this does not mean that any articulated interest will do." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007). Rather, "the proposed intervenor must have a direct and substantial interest in the litigation." *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989). Furthermore, the Sixth Circuit has found that "an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future." *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 372 (6th Cir. 2014) (holding that the proposed interveners interest was not a substantial, legal interest and denying intervention as a matter of right in the context of an insurance declaratory judgment action);[1] *see also United States v. Tennessee*, 260 F.3d 587, 595 (6th Cir. 2001).

---

[1] Notably, in support of its holding, the Sixth Circuit in *Reliastar* cited favorably to a case from the Eighth Circuit, which found intervention inappropriate on facts analogous to those at bar: the case stemmed from an

A.H. seeks to intervene to protect the Greens' insurance coverage so that those funds may be included in a potential judgment award to A.H. in state court. With a contingent, future, and solely economic interest, A.H. does not have a substantial, legal interest in this case. A.H. argues that this interest is not contingent because the state court action rests on a theory of strict liability. However, that matter is still pending and no judgment has issued. Thus, while A.H.'s success in state court may be likely, it is not certain. In addition, A.H. cites to Kentucky's Unfair Claims Settlement Practices statute for the proposition that A.H. is a party in interest to QBE's insurance contract. *See* KRS 304.12-230. This argument is unpersuasive, given that "a third-party claimant may only sue the insurance company under USCPA when coverage is not contested or already established." *Pryor v. Colony Ins.*, 414 S.W.3d 424, 433 (Ky. Ct. App.), *review denied* (Dec. 11, 2013).

As to the third and fourth factors, A.H.'s ability to protect her interest is not impaired because the existing defendants adequately represent her interests. A.H's burden to prove these elements is "minimal ... it is sufficient that the movant prove that representation may be inadequate." *Michigan*

---

underlying tort claim in Arkansas state court, the insurers of the state court defendant brought a declaratory judgment action in federal court seeking to clarify its obligations to those defendants, and the state court plaintiffs sought to intervene and were denied. *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1007 (8th Cir. 2007); *Reliastar*, 565 F. App'x at 372.

*State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). "Nevertheless, applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443-44 (6th Cir. 2005).

A.H. has not overcome the presumption here. A.H. and the Greens share the same ultimate objective in this declaratory judgment action: to secure the Greens' coverage under QBE's insurance policy. A.H. contends that the Greens are her adversaries in state court, but this does not change the Greens' motivation to secure insurance coverage in *this* action. *See Reliastar*, 565 Fed. App'x at 373 (holding that, although adversaries in a separate civil action, the proposed intervenors and existing defendants shared the same ultimate goal in the declaratory action before the court). Furthermore, upon motion by the Greens, this Court has set aside the entry of default against them and the Greens have obtained counsel and filed an Answer and Counterclaim in this action. There is nothing to suggest that going forward the Greens' defense of their interests will be unenthusiastic, for the Greens have good reason to protect their interest given the potential judgment against them in state court. *See Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000) (holding that a movant cannot demonstrate inadequate

representation if, among other things, he cannot show the existing party, as representative, has "failed in fulfilling its duty").

Therefore, the Court holds that A.H. has not satisfied the requirements of Fed. R. Civ. P. 24(a) and is not entitled to intervene as of right.

**2. Permissive Intervention**

In her Reply, A.H. argues for the first time that permissive intervention is warranted pursuant to Fed. R. Civ. P. 24(b). [DE 16]. The Court will construe this as A.H.'s motion to intervene permissively.

> To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. ...[T]he district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed.

*United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). However, the existing parties have not had an opportunity to respond to A.H.'s request for permissive intervention. The Court will defer ruling until they have had an opportunity to do so.

Accordingly, **IT IS ORDERED**:

(1) that the parties shall have twenty-one (21) days from the entry of this order to **RESPOND** to A.H.'s motion to intervene permissively pursuant to Fed. R. Civ. P. 24(b) [DE 16]; and

(2) that A.H., a Minor, By and Through her Parents and Next Friends, Lindsay and Michael Hall's Motion to Intervene [DE 6] is **DENIED**.

This the 30th day of September, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge