UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:14-cv-300-JMH |
| | ) | |
| LARRY GREEN and | ) | **MEMORANDUM OPINION** |
| CLAUDIA GREEN, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court upon A.H., a minor, by and through her Parents and Next Friends, Lindsay and Michael Hall's Motion for Permissive Intervention pursuant to Fed. R. Civ. P. 24(b). [DE 16].[1] Plaintiff QBE Insurance Corporation having filed a response [DE 24], this motion is now ripe for adjudication.

## I. Background

In the interest of brevity, the Court incorporates by reference the facts of this case as outlined in the Memorandum Opinion and Order dated September 30, 2014. [DE 20].

## II. Analysis

Federal Rule of Civil Procedure 24 governs when a party may intervene. Applying Rule 24, the Sixth Circuit has held:

---

[1] A.H.'s initial motion discussed intervention of right, but later included a request for permissive intervention in her Reply to Plaintiff's response. [DE 16]. This Court construed this as a Motion for Permissive Intervention and deferred ruling until the existing parties to this action had an opportunity to respond. [DE 20].

> To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. ...[T]he district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed.

*United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citations omitted). Plaintiff provides no objection to the conclusion that A.H.'s motion for permissive intervention is timely, thus the Court turns to the remaining issues.

At a basic level, there is a common question of fact in A.H.'s claims and this action. Plaintiff's complaint alleges that it is not responsible for the Greens' insurance coverage for several reasons, one of which is because the alleged injury did not occur in a common area. [DE 1 at ¶ 12]. A.H.'s motion for intervention alleges that the injury occurred on common property. [DE 16 at 7].[2]

However, the nature of A.H.'s claim and the action before this Court are very different. The matter before this Court is the interpretation of an insurance contract. A.H. is not a party to that contract but has an interest in its proceeds, which she seeks to recover based on tort claims in state court. Federal courts have found that under similar circumstances, permissive

---

[2] Notably, this is also a question in A.H.'s state court action against Heritage Condominiums (who filed a complaint as third party plaintiffs in that action against the Defendants in this action, Claudia and Larry Green), because Heritage's liability turns on where the injury occurred. [DE 1-2 at ¶ 4].

2

intervention is not appropriate. *See generally Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 374-75 (6th Cir. 2014) (upholding lower court's denial of permissive intervention, where request to intervene was based solely on intervenor's interest in the proceeds of the insurance policy, there was no common question of law or fact); *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, CIV.A. 3:09CV347-S, 2010 WL 1416708, at *3 (W.D. Ky. Mar. 31, 2010) (denying permissive intervention where intervenor's "claims clearly differ from the issue and far exceed the scope of the singular matter of coverage to be addressed in the declaratory judgment action."); *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 227-28 (3d Cir. 2005) (upholding district court's denial of permissive intervention where the action before it turned on the interpretation of an insurance contract, whereas intervenors sought to adjudicate whether insured had caused asbestos-related bodily injuries.).

Furthermore, as a non-party to the insurance contract, A.H. has not indicated that she will offer any additional insight into how it should be interpreted.[3] Instead, A.H.'s participation may bring in unrelated issues connected to her state law tort claims. Thus, intervention "would only serve to complicate and

---

[3] Certainly, an amicus brief is an alternative means by which A.H. may file her arguments with the Court.

3

delay this litigation." *Redland Ins. Co. v. Chillingsworth Venture, Ltd.*, 171 F.R.D. 206, 208 (N.D. Ohio 1997) (denying permissive intervention by four parties who were not parties to the insurance contract before the court); *see also Grange Mut. Cas. Co. v. Corinthian Custom Homes, Inc.*, CIV.A. 3:07-0020, 2007 WL 3287343 (M.D. Tenn. Nov. 5, 2007) (allowing permissive intervention where movants where third-party beneficiaries to insurance contract being interpreted); *Trinity Universal Ins. Co. v. Turner Funeral Home*, 1:02-CV-231, 2003 WL 25269317 (E.D. Tenn. Sept. 18, 2003).

Finally, A.H.'s intervention would be futile because her claim presents no actual case or controversy against Plaintiff QBE Insurance Corporation. A.H. seeks a declaration from this Court that Plaintiff QBE has an obligation to indemnify Defendants Larry and Claudia Green if the Greens are found liable for A.H.'s injury. [DE 7 at 6]. A federal court may provide relief by means of a declaratory judgment only "in a case of actual controversy within its jurisdiction" pursuant to 29 U.S.C. § 2201. *See also Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945). Thus, "as a matter of policy, the federal courts will decline the request for a declaration of rights by the injured party when state law prevents an injured party from filing a direct action against the insurer." *Allstate Ins. Co. v. Hayes*, 442 Mich. 56, 69, 499 N.W.2d 743, n.13 (1993) (citing

cases); *see also Scott v. State Farm Fire & Cas. Co.*, No. 13-13287, 2014 WL 3054651, *5-*6, n.2 (E.D. Mich. July 7, 2014) (discussing *Hayes* and clarifying that a declaratory judgment of this sort is available in federal court, but only when the injured party has a judgment in hand). Kentucky law does not provide for filing a "direct action" against an insurer by an injured party and, thus, in Kentucky, a tort claimant's rights against a tortfeasor's insurer do not mature until the tort claimant recovers a judgment against the tortfeasor. *See Cuppy v. General Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 632 (Ky. 1964); *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009) (applying *Cuppy*, 378 S.W.2d at 629).

At the present time, A.H. has only a speculative claim as a putative third-party beneficiary to the contract of insurance between QBE and the Greens. Thus, A.H. has no standing to proceed on her counterclaim against QBE or, alternatively, her claim is not yet ripe. In any event, there is no actual controversy presented by A.H.'s counterclaim for a declaratory judgment.

For the reasons stated herein, the Court denies A.H.'s request to intervene in this matter.

Accordingly, **IT IS ORDERED**:

(1) that A.H., a Minor, By and Through her Parents and Next Friends, Lindsay and Michael Hall's Motion for Permissive Intervention [DE 16] is **DENIED**;

(2) that A.H., a Minor, By and Through her Parents and Next Friends, Lindsay and Michael Hall's Motion for Oral Argument [DE 17] is **DENIED AS MOOT**.

This the 24th day of October, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge