UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:14-cv-300-JMH |
| | ) | |
| LARRY GREEN and | ) | **MEMORANDUM OPINION** |
| CLAUDIA GREEN, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court upon the motion of the defendants, Larry and Claudia Green, requesting this Court to abstain from exercising jurisdiction in this case. [DE 23]. Plaintiff filed a memorandum in opposition, [DE 30], and Defendants filed a reply. [DE 31]. Fully briefed, this matter is ripe for a decision.

**I. Background**

This declaratory judgment action stems from a complaint brought by A.H. in state court on June 3, 2014 against the Heritage Place Condominium Association. A.H. alleged damages arising out of a dog bite she received while at the home of her grandparents, Larry and Claudia Green, who own a condo in the Heritage Place complex. On theories of negligence and strict liability, the complaint claims Heritage Place "harbored the dog and/or permitted it to remain on" property that Heritage Place

owned. [DE 1-2 at ¶ 3]. Heritage Place subsequently filed a third-party complaint against the Greens in state court, alleging the Greens owned the dog as well as the property where the dog bite occurred and were, thus, liable for damages resulting from the dog bite. [DE 1-3 at ¶ 8, 9, 13].

Heritage Place holds a policy of insurance issued by QBE Insurance Corporation. On July 23, 2014, QBE filed the instant action with this Court seeking a declaratory judgment on its duty under the policy to cover the Greens for the underlying state court claim. QBE's complaint alleges that it is not responsible for the Greens' insurance coverage for several reasons, one of which is because the alleged injury occurred in an area owned by the Greens and not subject to coverage under the policy. [DE 1].

As of the date of this Order, QBE is not a party in the state court action. However, there is a pending motion before that court by A.H. for permission to amend her complaint and add QBE as a defendant, alleging that QBE is obligated to indemnify the Greens and asserting violations of Kentucky's Unfair Claims Settlement Practices Act. [DE 23-2].

The Greens ask this Court to abstain from exercising jurisdiction, arguing that the state court is the better forum to resolve this matter under *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984) (setting

2

forth five factors to guide district courts in determining whether to exercise their discretion to entertain a declaratory judgment action). QBE contends that this is the proper forum according to the *Grand Trunk* factors. For the reasons stated herein, the Court will grant Defendants' motion and abstain from exercising jurisdiction.

**II. Analysis**

The Declaratory Judgment Act states in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). Whether a district court exercises jurisdiction under this statute, however, is within its discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (noting that Congress, through the Act, "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants"). District courts should consider the following five factors in deciding whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether the declaratory action would settle the controversy;

> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

3

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Grand Trunk*, 746 F.2d at 326). Applying these factors to the instant case, the Court concludes that exercising jurisdiction in this instance is not proper.

**A. Settlement of the Controversy**

The parties' arguments illustrate the split within the Sixth Circuit as to how this factor is applied. *Compare Flowers*, 513 F.3d at 556 (finding the first factor relates to the settlement of the immediate controversy between the parties in federal court), *with Travelers Indem. Co. v. Bowling Green Prof'l Associates, PLC*, 495 F.3d 266, 272 (6th Cir. 2007) (finding the first factor asks whether the court's decision would settle the controversy in the underlying state court litigation); *see also State Auto Ins. Co. v. Kennedy Homes, LLC*, No. CIV.A. 09-178-DLB, 2011 WL 65880, at *3 (E.D. Ky. Jan. 10, 2011) (discussing the split within the Sixth Circuit).

In *Flowers*, the Sixth Circuit reconciled the competing lines of cases by noting their factual distinctions. Namely, the

4

court explained that a declaratory judgment action in federal court would not settle the controversy where the controversy rested on questions already being considered in state court. *Flowers*, 513 F.3d at 554-56; *see also Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 813 (6th Cir. 2004) (looking to settlement of the ultimate controversy in the first factor analysis). Furthermore, settlement of the controversy often depends on the parties to the action. Where the federal court plaintiff is not a party in state court and the issue of insurance coverage is not before that court, the federal action could sufficiently settle the controversy between the parties. *Flowers*, 513 F.3d at 556 (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448 (6th Cir. 2003)). On the other hand, where the state court plaintiff is not a party in federal court, a declaratory judgment would not settle the controversy because the federal court's judgment would not be binding as to the state court plaintiff and could not be used as a basis for a determination that the matter is res judicata in state court. *Id*. (citing *Bituminous*, 373 F.3d at 808-13).

In the instant matter, a ruling by this Court on the issue of insurance coverage would necessarily include a finding on whether the alleged injury occurred on a portion of property classified as a common area or as property owned by the Greens. Ownership of the property where the dog bite occurred is also a

question before the state court. Thus, a declaration by this Court could subject the parties to inconsistent findings. In addition, the state court plaintiff is not a party to this action and therefore, this Court's judgment would not bind her and could not be used in state court as the basis for a determination that the matter is res judicata. In sum, the action before this Court would not settle the ultimate controversy between the parties. *See also State Auto Ins. Co.*, 2011 WL 65880, at *3 (concluding, after analyzing at the original purpose of the *Grand Trunk* factors, that the first factor relates to the ultimate controversy); *Nautilus Ins. Co. v. Grayco Rentals, Inc.*, No. CIV.A.10-133-ART, 2011 WL 839549, at *2 (E.D. Ky. Mar. 7, 2011) (concluding the first factor relates to the settlement of the ultimate controversy). Accordingly, this factor weighs against exercising jurisdiction.

## B. Clarification of the Legal Relations at Issue

The second factor "looks to whether the declaratory action will resolve at least one of the legal relations at issue." *State Auto Ins. Co.*, 2011 WL 65880, at *3; *Flowers*, 513 F.3d at 557 (noting as to the second factor, "we focus only on whether a federal declaratory judgment will clarify the legal relationships presented to the district court."). In that vein, this factor tips in favor of exercising jurisdiction because the

6

Court's determination would clarify the legal relationship between QBE and the Greens.

### C. Race for Res Judicata

"The third factor is meant to preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum." *Flowers*, 513 F.3d at 558 (quoting *AmSouth Bank v. Dale,* 386 F.3d 763, 788 (6th Cir.2004)) (internal quotation marks omitted). "[W]hen the plaintiff has filed his claim after the state court litigation has begun, we have generally given the plaintiff the benefit of the doubt that no improper motive fueled the filing of [the] action." *Id.* (internal quotations marks and citations omitted). Here, there is no evidence that QBE is attempting to create a race to judgment by bringing this declaratory judgment action. This matter was brought two months after the state court action, at which time QBE and the question of insurance coverage were not before the state court.

Conceding that there is no evidence of improper motive on the part of QBE, the Greens argue that, where no evidence of procedural fencing is found, this factor is neutral. However, the cases differ here too. Where no improper motive is found, this factor is treated as neutral in some cases, *Travelers*, 495 F.3d at 272, and weighted in others, *Flowers*, 513 F.3d at 563.

7

Regardless, the Court finds that this factor, at least, does not weigh against exercising jurisdiction.

### D. Increased Friction Between Federal and State Courts

To determine whether the exercise of jurisdiction would increase friction between federal and state courts, the Sixth Circuit has identified three sub-factors for a district court to consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Flowers*, 513 F.3d at 560 (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

First, factual issues before the state court *may* prove helpful to an informed resolution of this case. The Greens concede this sub-factor, noting that the question before the Court is on the interpretation of an insurance contract and a matter of law. *See Flowers*, 513 F.3d at 560 (citing *Northland*, 327 F.3d at 454) (holding that where issues can be resolved as a matter of law without factual findings from state court there is no friction between state and federal court). However, the

8

classification of the property on which the dog bite occurred—
whether it is a common area or one reserved for the Greens'
exclusive use—is a mixed question of law and fact. It also
involves issues before the state court and is a question that
must be answered by this Court to determine insurance coverage.
Accordingly, there are potential factual questions before the
state court that could be important to the resolution of this
case. This sub-factor weighs against exercising jurisdiction.

Second, the state court is in a better position to evaluate
these factual issues than the federal court. The Sixth Circuit
has found that "issues of insurance contract interpretation are
questions of state law with which the Kentucky state courts are
more familiar and, therefore, better able to resolve." *Flowers*,
513 F.3d at 561 (collecting cases). However, the Sixth Circuit
has also held that when an insurance company and the issue of
insurance coverage are not before the state court, the federal
court's exercise of jurisdiction "would not offend principles of
comity." *Northland*, 327 F.3d at 454.

Notably, *Northland* does not stand for the proposition that
when an insurance company is not yet before the state court, the
federal court is the *only* appropriate forum, only that the
federal court is not an inappropriate forum. Here, QBE is not
currently a party to the state court action, but that is an
available alternative to QBE. *See infra*, Part II.E. Furthermore,

given the overlapping issues before this Court and the state court and that insurance contract interpretation is generally a matter of state law with which state courts are familiar, the state court is in a slightly better position to resolve the factual issues than this Court. This sub-factor weighs against exercising jurisdiction.

Third, "[t]he final sub-factor focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. The Sixth Circuit has consistently held that "[i]nterpretation of Kentucky insurance contracts are guided by state public policy." *Id.* (collecting cases). The instant matter concerns only the interpretation of an insurance contract and thus, this sub-factor weighs against exercising jurisdiction.

In sum, all three sub-factors weigh against this Court's exercise of jurisdiction in the instant matter. The Court finds that the exercise of jurisdiction would increase friction between federal and state courts and this weighs against exercising jurisdiction.

### E. Availability of Alternative Remedy

This factor not only asks whether there is an alternative remedy, but whether it is better or more effective. *Grand Trunk*, 746 F.2d at 326. As stated previously, the state court

plaintiff's motion to amend her complaint is still pending in that court and, depending on the court's ruling, QBE may be added as a defendant in that action. This would provide one alternative remedy, because QBE would be a party in state court and the issues of insurance coverage before that court. Regardless, Kentucky law provides for a similar declaratory judgment action to plaintiffs like QBE, *see* KRS § 418.040, and QBE may also file an indemnity action at the conclusion of the state court proceedings.

Although other courts have found that alternatives such as these in state court are not necessarily better or more effective, *see Northland*, 327 F.3d at 454, the Court finds that in the instant matter the opposite is true. The same question is before this Court and the state court: whether the dog bite occurred on property the Greens owned or whether it occurred on a common area. If this Court retains jurisdiction, there is a risk that the state and federal courts will come to opposite conclusions on that question. This result would not be helpful to any party, and it follows that an alternative adjudication in state court would be better and more effective. Therefore, this factor weighs against exercising jurisdiction.

## III. Conclusion

Given that three of the five *Grand Trunk* factors weigh against this Court exercising jurisdiction in the instant matter

and considering the issues discussed herein, the Court will not exercise jurisdiction of this declaratory judgment action.

Accordingly, **IT IS ORDERED:**

(1) that Defendant's Motion Requesting This Court to Abstain From Exercising Jurisdiction, [DE 23], is **GRANTED**;

(2) that all claims in this action are **DISMISSED WITH PREJUDICE**, each party bearing his or its own costs and attorneys' fees associated with this action;

(3) that the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET**;

(4) that this Order is **FINAL AND APPEALABLE** and **THERE IS NO JUST CAUSE FOR DELAY**.

This the 23rd day of December, 2014.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

12